·VER STEEG SHOE COMPANY v. MORROW.

Opinion delivered June 3, 1907.

INJUNCTION—JUDGMENT AT LAW.—A judgment at law in favor of a
company will not be restrained in equity because there was no evi-
dence in the law case to show that the summons therein
indicated whether the company was an individual, partnership or
corporation; nor because the pleadings and other papers in the case
have been lost, and no evidence is adduced to show their contents.

Appeal from Marion Chancery Court; *T. H. Humphreys,*
Chancellor; reversed.

*Woods Brothers,* for appellants.

1.   The name, Ver·Steeg Shoe Company, being manifestly
an artificial name such as is common to corporations, imports
that the plaintiff in the original suit is a corporation, and the
defendant in that suit, appellee here, is estopped to deny it.   10
Cyc. 1345, *et seq;* Morawetz on Priv. Corp. (2 Ed.), § 474,
*et seq;* 28 Ark. 261; 3 Enc. of Ev. 599; 58 Ark. 98; 47 Ark.
269.

2.   Before appellee was entitled to equitable relief, he must
have alleged and proved that he had a meritorious defense to
the action, and that he was deprived of making his defense by the
wrong of the other party and without negligence on his part.
Kirby's Digest, § § 4565, 4576, 4579, 6148; 63 Ark. 513; 50
Ark. 458; 43 Ark. 107; *Id.* 33; 34 Ark. 493; 6 Ark. 79.

*Seawell & Seawell,* for appellee.

BATTLE, J.  Ver Steeg Shoe Company recovered a judg-
ment against H. E. Morrow, and sued out an execution thereon.
Morrow then brought suit in the Marion Chancery Court to en-
join proceedings under the execution, alleging that he was not
served with process in the action in which the judgment was
rendered and had no notice of its pendency, and that he had a
good defense against it.  Assuming that he had a good defense,
the evidence adduced at the hearing proved that he was served
with summons in due time and had lawful notice, and failed
to appear, but made default, and lost the benefit of his defense,
if he had any.  But the chancery court found that there was
no evidence to show that the summons in the original action

showed whether Ver Steeg Shoe Company was an individual, partnership or corporation; that the pleadings and other papers in the case have been lost, and no evidence was adduced to show their contents; and that Morrow, therefore, was not bound to interpose any defense in the original action; and perpetually enjoined the enforcement of the execution.

The capacity in which Ver Steeg Shoe Company sued did not affect its right to recover. Whether it be an individual, partnership or corporation, it had the right to sue and maintain its action. There was no evidence that Ver Steeg Shoe Company was required to show in what capacity it sued. The court erred in enjoining the execution.

Decree reversed, and complaint dismissed for want of equity.